**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 1 1 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

CITY OF NEW YORK,

    Plaintiff,

- against -

BERETTA U.S.A. CORP., et al.,

    Defendants.

- - - - - - - - - - - - - - - - - X

Amended ORDER CONCERNING
SPECIAL MASTER

Civil Action
No. 00 CV 3641

(Weinstein, J.)
(Pollak, M.J.)



On March 30, 2005, the Magistrate Judge issued an Order appointing a special master to review certain investigative files of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") subpoenaed by plaintiff and defendants;

On April 27, 2005, the District Court Judge issued an Order which, inter alia, remanded to the Magistrate Judge, all questions concerning the appointment and functions of a special master, in light of the District Court Judge's suggestions made on the record at the hearing held on April 26, 2005.

In accordance with the Order of April 27, 2005, on April 28, 2005, the Magistrate Judge met with the parties, ATF, and John Curran and Anthony Valenti.

NOW, IT IS THEREFORE ORDERED AS FOLLOWS:

1.    John F. Curran is hereby appointed Special Master.

2.    The Special Master shall be assisted in discharging his responsibilities by Eric Friedberg, Beryl Howell, Anthony

2

Valenti, Thomas J. Kelly, Ronald M. Haas and/or Dominic DeFranco (collectively, "the Assistants").

3. The parties, but not ATF, are ordered to share the cost of the Special Master's fees divided equally among themselves.

4. The Special Master, assisted by the Assistants, shall review the investigative files provided to them by ATF at the ATF facility located at 241 37th Street, 3rd floor, Brooklyn, New York or the ATF headquarters, 650 Massachusetts Avenue, NW, Washington, DC, during normal business hours. ATF shall, within two (2) business days of the execution of this Order, designate at least one point of contact for the Special Master and the Assistants at each location. ATF is also responsible for ensuring that the Special Master and the Assistants have workspace during normal business hours and, to the extent that it does not interfere with normal duties, to provide technical or general assistance to the Special Master and the Assistants. Provided, however, that ATF shall not be responsible for providing the Special Master and/or the Assistants with a photocopy machine, paper or any other equipment or item necessary to photocopy documents.

5. The Special Master, assisted by the Assistants, shall review the material specified in paragraph 4 and shall determine which documents shall not be produced to [plaintiff or] defendants on any grounds, including without limitation (a) the document is not

reasonably likely to lead to the discovery of relevant evidence; (b) the document is protected from disclosure under the law enforcement privilege; (c) the document is immune from discovery in this action under the Consolidated Appropriations Act, 2005; and (d) the document may not be disclosed in this action pursuant to 26 U.S.C. § 6103. The Special Master may conclude that only portions of a certain document shall be disclosed; if so, he shall redact the portions that shall not be disclosed. During the course of the review, the Special Master and the Assistants may make notes, logs or other writings summarizing the material being reviewed.

6. The Special Master and the Assistants shall not disclose any of the material specified in paragraphs 4 and the last sentence of paragraph 5, or the contents thereof, to any person, except as provided in paragraph 7.

7. The Special Master shall prepare one or more reports, each of which shall include, as an attachment, copies of documents which the Special Master determines should be produced to the [plaintiff or] defendants. [CF] The Special Master shall place on each such document a stamp or other notice designating the document as "CONFIDENTIAL INFORMATION." The Special Master shall send each report with the attachment to the Magistrate Judge, and send a copy of each report with the attachment to the Assistant United

4

States Attorney responsible for representing ATF in this action, but not to any party.

8. Within seven (7) business days after receiving each report and attachment, or such other time as may be ordered by the Court, ATF may, by letter to the Magistrate Judge, with a copy to the Special Master, but not to any party, object to the production of one or more of the documents attached to the report.

9. After receiving each report and any objection filed by ATF, the Magistrate Judge shall decide which documents should be produced to [plaintiff or] defendants, subject to the right of any party and ATF to appeal such decision. [CF]

10. All documents produced to [plaintiff and CF] defendants shall be deemed CONFIDENTIAL INFORMATION for purposes of the Order of Protection in this action, so ordered by the Magistrate Judge on October 4, 2004. The production of all such documents constitutes a disclosure "pursuant to the order of a court of competent jurisdiction" and thus is permitted under the Privacy Act, 5 U.S.C. § 552a. See 5 U.S.C. § 552a(b)(11).

11. No later than ten (10) business days after the completion of the production of documents to the [plaintiff or CF] defendants, the Special Master and the Assistants shall send to the Magistrate Judge all copies in their possession of the documents referenced in the penultimate sentence of paragraph 5, and all copies in

5

their possession of material specified in paragraph 4. The documents and material specified in the preceding sentence shall be filed with the Clerk of the Court under seal.

12. This Court shall retain jurisdiction indefinitely to monitor and enforce performance of the terms hereof and to remedy and sanction violations hereof. Any person who violates the terms of this Order shall be subject to appropriate monetary and penal sanctions, including without limitation, being held in contempt of court, as provided in 18 U.S.C. §§ 401-402.

SO ORDERED: This 9th day of May 2005 at Brooklyn, New York.

s/CLP
_____
HONORABLE CHERYL POLLAK
United States Magistrate Judge

*The above-noted amendments are approved and consented to by the parties.*

*So Ordered*

s/CLP
U.S.M.J
5/10/05