FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAY 31 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CITY OF NEW YORK,

       Plaintiff,

  – against –

BERETTA U.S.A. CORP., et al.,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MEMORANDUM & ORDER
00-CV-3641 (JBW) (CLP)

APPEARANCES:

For Plaintiff City of New York:

 Eric Proshansky
 Corporation Counsel of the City of New York
 100 Church St., Room 3-158
 New York, NY 10007
 By: Richard J. Costa

For Defendant Beretta U.S.A. Corp.:

 Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC
 233 E. Redwood St.
 Baltimore, MD 21202
 By: Lawrence S. Greenwald

For Defendant Colt's Manufacturing Co., Inc.:

 Jones Day
 2727 North Harwood St.
 Dallas, TX 75201
 By: Mark R. Hall

For Defendant Glock, Inc.:

 Renzulli, Pisciotti & Renzulli, LLP



300 East 42nd St.
New York, NY 10017-5947
By: Stephanie Augurt

For Bureau of Alcohol, Tobacco, Firearms and Explosives:

Bureau of Alcohol, Tobacco, Firearms and Explosives
Office of Chief Counsel
650 Massachusetts Avenue, N.W., Room 6100
Washington D.C. 20226
By: Brian Kenrick

United States Attorney's Office
Eastern District of New York
1 Pierrepont Plaza, 14th floor
Brooklyn, NY 11201
By: Elliot M. Schachner

JACK B. WEINSTEIN, Senior District Judge:

## I. Introduction

Defendants appeal from an order of the Magistrate Judge, dated May 5, 2005, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. That order denied the defendants' request for discovery of: (1) data from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), updated to the year 2004; and (2) 24 trace data tables for the years 2003 and before.

## II. Updated Data for 2004

Updated data may be relevant to the form of injunction, should one be required. An injunction, primarily, should be based on current and prospective situations, rather than on past superannuated information. *See, e.g., Webb. v. Missouri Pacific R.R. Co.*, 98 F.3d 1067, 1069 (8th Cir. 1996) (concluding that the "district court abused its discretion by granting an injunction on a stale record" in a case first brought in 1975). In the instant case there is no showing that relevant conditions of the industry and the City have changed substantially between 2003 and

2

2004. There is less justification for temporal expansion of discovery than there might be were the industry and the needs of the City rapidly changing.

A critical factor in deciding whether to expand discovery is that trial has been set for September 6, 2005. Scientists on both sides need to analyze and digest information being supplied under prior orders. Expansion of these orders at the present time would unduly delay exchange of reports, *Daubert* hearings, and the trial itself. As noted in *Henrietta D. v. Giuliani*, 119 F. Supp. 2d 181, 205 (E.D.N.Y. 2000) (citing *Montgomery Envtl. Coalition v. Costle*, 646 F.2d 568, 573 (D.C. Cir. 1980)),

> Defendants contend a permanent injunction should not be entered because plaintiffs relied upon outdated evidence at trial. . . . [D]efendants proffered no evidence or data to suggest that plaintiffs' evidence was somehow outdated or presently invalid. Secondly, both non-expert and expert discovery closed [well] before trial. It is the major disadvantage of civil litigation that the freshest and most probative evidence must be shelved through months, and even years, of discovery, before it faces review by the triers of fact and the trier of law. As one appellate court has explained, under analogous circumstances:
>> Courts have always preferred to decide issues of public importance on the basis of a concrete and clear-cut record, with fresh evidence of current validity. But the evidence in a case may lose some of that freshness while running an endless gauntlet of litigation . . . . This is such a case.

For this reason only, the order of the Magistrate Judge concerning 2004 data is affirmed. *See, e.g., Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993) (The court "may affirm on any basis supported by the record, including grounds upon which the [Magistrate Judge] did not

3

rely."); *Zee-Bar, Inc. v. Kaplan*, 162 F.R.D. 422, 427 (D.N.H. 1993) ("[O]n different grounds, I affirm the Magistrate Judge's decision . . . .").

## III. 24 Additional Trace Data Tables

Sixteen of the 24 trace data fields presently sought by defendants were denied in *NAACP v. Accusport*, CV-99-3999 (E.D.N.Y. 2002), for the reason that supplying the sensitive materials in these fields would be inconsistent with law enforcement privileges. The additional eight fields are in the same category of sensitive law enforcement data. Discovery of the 24 fields was denied in the instant case by the Magistrate Judge for the same reason as the court denied discovery of the sixteen fields sought in *NAACP*.

In addition supplying these data at this late date might interfere with a prompt trial. *See* Part II, *supra*.

## IV. Conclusion

The Magistrate Judge's order of May 5, 2005 is affirmed.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: Brooklyn, N.Y.
May 26, 2005

4